# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1973

_____

| | | |
|---|---|---|
| Eric Bernard Shields, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| John E. Potter, Postmaster General, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: November 5, 2003
Filed: November 14, 2003

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Eric Shields appeals from the District Court's[1] dismissal of his employment-discrimination action pursuant to a settlement agreement. Although we ordinarily review for clear error a District Court's findings regarding the existence of a settlement agreement, see Mueller v. Guardian Life Ins. Co., 143 F.3d 414, 416 (8th Cir. 1998), we are foreclosed from doing so here because the evidentiary hearing was not transcribed and Shields did not prepare a summary statement of evidence, see

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

Fed. R. App. P. 10(b)(2) and 10(c); <u>Van Treese v. Blome</u>, 7 F.3d 729, 729 (8th Cir. 1993) (per curiam) (review of factual findings is foreclosed by pro se appellant's failure to provide transcript as required by Rule 10(b) or request one at government expense). We note, however, that a party cannot avoid an otherwise enforceable settlement agreement merely because he later changes his mind. <u>See</u> <u>Worthy v. McKesson Corp.</u>, 756 F.2d 1370, 1373 (8th Cir. 1985) (per curiam) (citations omitted).

Accordingly, we affirm. <u>See</u> 8th Cir. R. 47B.

_____